Receipt # 067087

ORIGINAL

EDWARD R. BALLARD, ESQ.
WEULE & BALLARD
18881 Von Karman Ave., Suite 1225
Irvine, California 92612
(949) 476-2088 Phone
(949) 476-3095 Fax

Attorneys for Plaintiff, Alvarez Engineering, Inc.

FILED
SEP 10 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ALVAREZ ENGINEERING, INC., a California corporation,<br>Plaintiff,<br>vs.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | CASE NO. 07-656 C<br><br>**COMPLAINT** |

Plaintiff, Alvarez Engineering, Inc., a California corporation, alleges as follows:

**Jurisdiction**

1. On or about September 30, 2002, Plaintiff, a licensed general contractor in the State of California, was awarded a contract by the United States Army Corps of Engineers ("ACOE") to construct a Fire/Crash Rescue Station located at March Air Reserve Base in Riverside County, California. The contract provided in Section 52.233-1 that the contract was subject to the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613) and that all disputes arising under or relating to the contract shall be resolved pursuant to the Contract Disputes Act.

2. The Contract Disputes Act provides, in pertinent part:

a. That all claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for decision. (41 U.S.C. Section 605(a)).

b. That the contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced as authorized by the Act. (41 U.S.C. Section 605(b)).

c. That the contracting officer's denial of a claim may be appealed by the contractor to an agency board of contract appeals or in lieu of an appeal the contractor may bring an action directly on the claim in the United States Court of Federal Claims within 12 months from the date of the receipt by the contractor of the contracting officer's decision. (41 U.S.C. Sections 606 and 609(a)).

3. On or about February 27, 2006, Plaintiff timely filed its claim for additional compensation under its contract with the ACOE by filing a claim with the contracting officer pursuant to the Contract Disputes Act (hereinafter referred to as "the Claim").

4. On October 3, 2006, the contracting officer issued a written decision denying Plaintiff's Claim.

5. Pursuant to 41 U.S.C. Section 609(a), this action has been timely filed with the United States Court of Federal Claims and this court has jurisdiction.

**Cause of Action**

6. A copy of the contract between Plaintiff and the ACOE referred to in paragraph 1, above, is attached hereto as Exhibit 1 and is incorporated herein by this reference as though set forth in full.

7. Plaintiff has performed all obligations on its part to be performed pursuant to the contract, except those excused by the ACOE's conduct.

8. Attached hereto as Exhibit 2 and incorporated herein by reference as though set forth in full is a true and correct copy of the "Executive Summary" for the Claim filed by Plaintiff with the contracting officer. Plaintiff's Claim itself is voluminous and a copy of the entire Claim will be provided to counsel for the United States as part of the Case Management Procedure and Early Meeting of Counsel mandated by Appendix A to the Rules of the United States Court of Federal Claims. Plaintiff's Claim is incorporated herein by this reference.

9. As set forth in more detail in the Executive Summary attached hereto as Exhibit 2 and in the body of Plaintiff's Claim, as a direct and proximate result of the ACOE's erroneous or inaccurate bid documents, incomplete and/or lack of information regarding surveying and structural steel, design changes, change orders, design errors, survey ambiguities, excessive review time, site access restrictions, additional scope, unjustified demands that Plaintiff comply with the Buy American Act, incomplete or nonexistent specifications for equipment and other items, demands that Plaintiff accelerate its work to make up for delays caused by the ACOE's conduct, damage to the work performed by Plaintiff caused by the ACOE's employees' negligence, and the ACOE's other acts or omissions, Plaintiff has sustained damages in the approximate sum of $4,483,275, plus interest thereon at the legal rate from the date first allowed by law.

WHEREFORE, Plaintiff prays for judgment against the United States as follows:

1. For damages in the approximate sum of $4,483,275, according to proof at the time of trial plus interest thereon at the legal rate from the date first allowed by law;
2. For attorneys fees and costs of suit as allowed by statute or contract; and
3. For such other and further relief as the court may deem just and equitable.

Dated: 9/5, 2007

Edward R. Ballard
WEULE & BALLARD

[signature]

Attorneys for Plaintiff, Alvarez Engineering, Inc.
(949) 476-2088 Phone (949) 476-3095 Fax