**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALVAREZ ENGINEERING, INC.,<br>a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-656C<br><br>(Judge Wheeler) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff, Alvarez Engineering, Inc. ("AEI"), and the defendant, the United States, respectfully submit the following joint preliminary status report in response to the questions set forth in paragraph 4 of Appendix A.

a. **Does the Court have jurisdiction over this action?**

The plaintiff asserts that the Court possesses jurisdiction to entertain this action. The United States is unaware of any basis upon which to challenge jurisdiction at this time.

b. **Should this case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

c. **Should trial of liability and damages be bifurcated?**

The parties agree that the trial of liability and damages should not be bifurcated.

d. **Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. **Will a remand or suspension be sought?**

Neither of the parties will seek remand or suspension.

f. **Will additional parties be joined?**

The parties agree that they will not join any additional parties.

g. **Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56? And, if so, a schedule for the intended filing?**

After discovery has been completed, the United States anticipates submitting a motion for summary judgment pursuant to RCFC 56.

h. **What are the relevant issues?**

1. Whether AEI is entitled to compensation for work performed pursuant to the contract documents, which include any agreed-upon written change orders and unilateral change orders.

2. Whether there were directives issued during construction, due to either changed conditions or other issues, that constitute constructive changes to the contract.

3. Whether AEI is entitled to additional costs for labor, materials and equipment, overhead, and other associated costs and additional time due to constructive changes to the contract.

4. Whether AEI has performed all of its obligations under the contract.

i. **What is the likelihood of settlement?**

The United States is willing to engage in settlement discussions and will make every effort to resolve this case amicably. To facilitate settlement discussions, the parties are agreeable to considering an ADR method; however, the defendant is required to seek specific authorization to participate in any ADR proceeding, and such authorization is not ordinarily sought or granted until a time immediately prior to the contemplated ADR. In this case, the parties anticipate that

some discovery will be necessary before they can realistically engage in settlement discussions or an ADR proceeding, and therefore (a) any ADR methodology should be determined at or near the conclusion of the discovery period, and (b) the defendant's ability to participate in any ADR proceeding is subject to its receipt of official authorization to do so at that time.

j. **Do the parties anticipate proceeding to trial?**

If dispositive motions are not filed, and the matter cannot be resolved through settlement, trial will be necessary. If dispositive motions are filed, and a trial is necessary to fully decide this case, the United States proposes that the trial be held four to six months after the Court shall have ruled on such motions. The parties expect that a trial would last approximately one week. The parties do not request expedited trial scheduling. The parties request that the trial be conducted in San Diego, California.

k. **Are there special issues regarding electronic case management needs?**

The parties have no special issues regarding electronic case management needs.

l. **Is there other information of which the Court should be aware at this time?**

There is no additional information of which the Court should be aware at this time.

m. **What is the proposed discovery plan?**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Answer to Complaint | December 10, 2007 |
| Exchange of Initial Disclosures | February 14, 2008 |
| Close of Fact Discovery | September 30, 2008 |

| | |
|---|---|
| Plaintiff's Expert Report Due (if any) | December 5, 2008 |
| Defendant's Expert Report Due | January 9, 2009 |
| Deadline for Expert Depositions | March 6, 2009 |

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Edward R. Ballard
EDWARD RAY BALLARD
Weulle & Ballard
6104 Innovation Way
Carlsbad, CA 92009
Tel. (760) 602-3363
Fax. (760) 602-3373

Attorney for Plaintiff

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 305-7644

Attorneys for Defendant

January 30, 2008

**CERTIFICATE OF FILING**

I hereby certify that on January 30, 2008, a copy of the foregoing "Joint Preliminary Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/
DEVIN A. WOLAK